UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                   DECISION and ORDER

-vs-

                                                   19-MJ-4109 MWP

CRYMSON ALDRICH,

                          Defendant.

_____

        **Siragusa, J.** This case, currently pending before Magistrate Judge Marian W. Payson, was referred to this Court on November 6, 2020, for a *de novo* review of the Report and Recommendation ("R&R") which Magistrate Judge Payson filed on November 6, 2020, ECF No. 216, recommending that Defendant is competent to stand trial. In her R&R, Magistrate Judge Payson carefully sets forth the procedural history leading to her recommendation. As to her recommendation itself, she explains:

> I agree with both parties that the Court need not conduct a hearing to determine the pending motion. Although the Court received and reviewed reports from two experts reaching differing opinions regarding the defendant's competency at the time of their respective evaluations, the information contained in the reports provides a reasonable basis upon which to explain and reconcile the apparent discrepant opinions and to conclude that the defendant is now competent to proceed. As Dr. Singh noted, the defendant has no prior reported history of mental health illness or disorders. Indeed, her first attorney affirmed that during the early months of his representation, they were able to work together and "enjoyed typical, cordial communication." (Docket # 126-1 at 8). According to him, the defendant's communications "became drastically different" in mid-January 2020 (*id.* at 9), a time-frame that appears to coincide with the period during which her thyroid medication dosage was increased. Dr. Singh explained that one of the potential side effects of thyroid medication is development of symptoms of mental illness, such as the symptoms displayed by the defendant that were observed by Dr. Singh. (Docket # 200 at 5). Dr. Singh further stated his belief that adjustment in the dosage of her medication "will most likely help her recover from the symptoms of her current mental illness." (*Id.*). Following the report, the defendant ceased taking thyroid

> medication, she reported to Dr. Morse that she felt better, and Dr. Morse found her to be cooperative, engaged, within normal range on assessments, and competent to proceed. (Docket # 213). In addition, Mr. Getz, who has communicated extensively with his client over the past several weeks, agrees that she appears to him to be competent. (*See* Docket ## 214, 215). While not an expert opinion, Mr. Getz's assessment of his client's abilities to comprehend and communicate is relevant and supports Dr. Morse's opinion that the defendant is currently competent to proceed.
>
> Upon careful review of the two reports, and consideration of the parties' positions, this Court finds by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect that would render her mentally incompetent to the extent that she would be unable to understand the nature and consequences of the proceedings against her or render her unable to assist properly in her defense. *See* 18 U.S.C. § 4241(d). Accordingly, it is the recommendation of this Court that the defendant be determined competent to stand trial.

R&R, pp. 3–4. Moreover, the time has passed to file any objections to the R&R, and none have been filed.

Accordingly, for the reasons set forth in the Magistrate Judge Payson's R&R, the Court finds that the Defendant is competent to stand trial.

IT IS SO ORDERED.

Dated:    Rochester, New York
         November 23, 2020

                        ENTER:

                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge